IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02677-BNB

LESLIE M. WILSON,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, d/b/a PEOPLE OF THE STATE OF
    COLORADO,
COLORADO DEPARTMENT OF CORRECTIONS,
ARISTEDES ZAVARAS, Executive Director,
CORRECTIONS CORPORATION OF AMERICA, d/b/a KIT CARSON CORRECTIONAL
    CENTER, and
AVRIL CHAPMAN, Warden, Trustee-in-Fiction,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 22 2010

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Leslie M. Wilson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center. He initiated this action on October 28, 2010, by filing a "Motion for Removal from State to Federal Jurisdiction," a document titled "Natural Right to Proceed Without Costs or Fees Writ of Mandate," and two documents titled "Subpoena Duces Tecum."

On November 3, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Wilson to cure enumerated deficiencies within thirty days. Specifically, Mr. Wilson was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the court-approved form. Mr. Wilson was also directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form and a current certified copy of his prisoner's trust fund statement. He was informed that

the § 1915 motion and affidavit was only necessary if the $5.00 filing fee was not paid in advance. The November 3 order warned Mr. Wilson that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

On November 9, 2010, Mr. Wilson filed a "Motion for Special Non Statutory Prohibitory Injunction Writ of Mandate to Cease and Desist." On November 12, 2010, Mr. Wilson filed a "Motion to Object" in which he objected to Magistrate Judge Boland's November 3 Order to Cure. The Court construed the motion as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), and on November 12, 2010, entered an order overruling Mr. Wilson's objection. The November 12 Order also provided Mr. Wilson additional time to cure the deficiencies in his action. Mr. Wilson was again warned that the failure to cure the deficiencies would result in the dismissal of this action without further notice.

Mr. Wilson has not communicated with the Court since November 12, 2010. Nor has any mail been returned as undeliverable. Therefore, Mr. Wilson has failed within the time allowed to cure the designated deficiencies. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Leslie M. Wilson, to comply with the order to cure dated November 3, 2010. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 22nd day of December, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court